# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ANNA MARIE PITTMAN, )
)
        Plaintiff, )
)
v. ) Case Number: 14-CV-728-CVE-FHM
)
AMERICAN AIRLINES, INC., )
)
        Defendant. )

## OPINION AND ORDER

Defendant's *Motion to Bifurcate and Expedite Discovery*, [Dkt. 32], is before the court for decision. Plaintiff has filed a response, [Dkt. 35], and the Defendant has filed a reply, [Dkt. 36].

Defendant previously filed a *Motion to Dismiss* based upon a settlement agreement between the parties. The court denied Defendant's *Motion to Dismiss* concluding that although the settlement agreement covered all of Plaintiff's claims, the record was insufficient to determine if Plaintiff knowingly and voluntarily entered into the settlement agreement.[1] Defendant now seeks to bifurcate the case by first conducting discovery and filing a *Motion for Summary Judgment* on the issue of whether Plaintiff knowingly and voluntarily entered into the settlement agreement. Discovery and consideration of the merits of Plaintiff's claims would only proceed if Defendant's *Motion for Summary Judgment* were denied.

---

[1] The court did not address Plaintiff's argument that the settlement agreement was unenforceable because it was retaliatory.

Defendant argues that whether the Plaintiff knowingly and voluntarily entered into the settlement agreement is clearly separable from the merits of Plaintiff's claims and it would be more efficient and cost effective to resolve that potentially dispositive issue first.

Plaintiff disagrees with Defendant's assessment and contends the issues are not clearly separable because a determination of the merits of Plaintiff's claims is necessary to decide if Plaintiff received any consideration for entering into the settlement agreement. Plaintiff also contends that because of the straight forward nature of Plaintiff's claims and the potential for discovery disputes on the scope of discovery if the case is bifurcated it would not be efficient or cost effective to bifurcate the case.

Plaintiff's argument that the issues are not clearly separable is based on Plaintiff's contention that she was legally entitled to continue working for Defendant because her termination violated federal and state law as well as the collective bargaining agreement. Thus, Plaintiff argues, Defendant gave her nothing she was not entitled to when it put her back to work.

The court is not persuaded that the issues are clearly separable or that bifurcation would be efficient or cost effective. The consideration received by Plaintiff is one of the factors the court considers in deciding if Plaintiff knowingly and voluntarily entered into the settlement agreement. Moreover, this is not a factually or legally complex case. Therefore, discovery should not be unusually burdensome or costly. Allowing both parties to develop their cases in discovery will permit the parties to present a fully developed record to the court on the anticipated dispositive motions.

Defendant's *Motion to Bifurcate and Expedite Discovery*, [Dkt. 32], is hereby DENIED.

SO ORDERED this 25th day of June, 2015.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE