UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANNA MARIE PITTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0728-CVE-FHM |
| ) | |
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff Anna Marie Pittman's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Brief in Support (Dkt. # 131). On June 2, 2016, the Court entered an opinion and order (Dkt. # 127) granting defendant's motion for summary judgment on all of plaintiff's claims and entered judgment (Dkt. # 128) against plaintiff. Plaintiff argues that the Court "erred both in the application of relevant case law and in its review of the record evidence presented by plaintiff" with respect to plaintiff's retaliation claim under the Americans with Disabilities Act, 42 U.S.C. § 1201 et seq. (ADA).[1] Dkt. # 131. Defendant responds that plaintiff merely attempts to reargue issues the Court has already considered and resolved, and asks the Court to deny plaintiff's motion. Dkt. # 132.

On June 2, 2016, this Court entered an opinion an order (Dkt. # 127) granting defendant's motion for summary judgment. The Court found that, although a settlement agreement did not bar plaintiff from asserting her claims, plaintiff had failed to make a prima facie showing or demonstrate

---

[1] Plaintiff asserts that the Court similarly erred by granting summary judgment in favor of defendant on plaintiff's retaliation claim under the Oklahoma Anti Discrimination Act, OKLA. STAT. tit. 25, § 1101 et seq. (OADA); however, plaintiff did not assert a claim of retaliation under the OADA. See Dkt. # 2.

pretext with respect to her claims of race and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., race discrimination and retaliation under 42 U.S.C. § 1981, race and gender discrimination under the OADA, and failure to accommodate and retaliation under the ADA. Dkt. # 127. As it relates to plaintiff's ADA retaliation claim, the Court concluded that plaintiff had not engaged in protected activity because she never complained about her treatment based on her disability and that she failed to provide any evidence that plaintiff's termination was based upon any alleged disability-related complaints rather than plaintiff's failure of a qualifying test and the elimination of plaintiff's previous position. Id. at 23-24.

Plaintiff asks the Court to reconsider its decision to grant defendant's motion for summary judgment on plaintiff's ADA retaliation claim because plaintiff submitted sufficient facts and authority to establish a prima facie case and demonstrate pretext. Dkt. # 131. Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "'not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'" FDIC v. Utd. Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstance and not to offer a second bite at the

proverbial apple." Syntroleum Corp. v. Fletcher Int'l Ltd., No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (internal quotation marks omitted).

The Court finds that plaintiff has not presented a valid basis for the Court to reconsider its June 2, 2016 opinion and order (Dkt. # 127) or the judgment (Dkt. # 128), and her motion should be denied. First, plaintiff simply reasserts arguments that have already been considered and rejected, and the Court has no obligation to consider such arguments when ruling on a Rule 59(e) motion. See Servants of the Paracletes, 204 F.3d at 1009; Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). The vast majority of plaintiff's motion is an attempt to re-argue her claims that she engaged in protected activity, that a causal connection existed between her protected activity and her termination, and that she successfully demonstrated pretext. The Court evaluated these claims in the previous opinion and order and will not revisit the same arguments here. See Dkt. # 127, at 23-24.

Second, to the extent that plaintiff argues the Court should have applied Tenth Circuit precedent that supports a finding of pretext when a previously eliminated position is reinstated, this case law is inapplicable to plaintiff's claim. In Butler v. City of Prairie Village, 172 F.3d 736 (10th Cir. 1999), the Tenth Circuit held that an employee had shown a genuine dispute of material fact with respect to pretext when the employer terminated the employee allegedly based upon an organizational restructuring, but created a new position with substantially similar duties within nine months of the employee's termination. Here, defendant terminated plaintiff because she was unqualified for her position and her previous position no longer existed. Defendant's offer, six weeks after plaintiff was terminated, of a different position to which plaintiff was not otherwise entitled does not demonstrate that defendant's reason for terminating plaintiff was a pretext. Plaintiff's motion should thus be denied.

**IT IS THEREFORE ORDERED** that Plaintiff Anna Marie Pittman's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Brief in Support (Dkt. # 131) is **denied**.

**DATED** this 19th day of July, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE